## LUNATI et al. v. MARNALL STEEL PRODUCTS, Inc., et al.
### No. 7392.

District Court, E. D. New York.
March 20, 1935.

Mock & Blum, of New York City, for plaintiffs.

Gifford, Scull & Burgess, of New York City (George F. Scull, of New York City, of counsel), for defendants.

BYERS, District Judge.

Motion by plaintiffs for leave to have cause dismissed without prejudice, and with costs in favor of defendants.

The bill was filed October 10, 1934, charging defendants with infringement of U. S. Letters Patent No. 1,552,326, having to do with a lifting device for motor vehicles.

An answer was filed January 8, 1935, in which no prior art was pleaded, and putting infringement in issue.

The case was called for trial on March 5, 1935, after the defendants had answered the plaintiffs' interrogatories, and on that occasion was marked "ready" on the reserve calendar, but the pendency of this motion was made known to the court.

The defendant Martin Steel Corporation has built one machine, described in its circular, which was published, and which apparently led the plaintiffs to file the bill. The defendant's president deposes by affidavit of March 7, 1935, that it has booked orders for "about six" and that he believes that the manufacture and sale of the lift can be carried on with success and the defendant contemplates so doing.

The plaintiffs' position is that they prefer to have the defendant's business develop into larger proportions before pressing their claims.

The defendant urges that, in response to the plaintiffs' subpœna, it has appeared in this court by attorneys and is ready and anxious to be heard in defense of its conduct in building and undertaking to market a structure which does not infringe the plaintiffs' patent.

The defendant's brief asserts that its mechanism sells for from $300.00 to $400.00.

Equity rule 4 of this court provides: "If justice requires, the court, after issue joined, may refuse to permit the plaintiff to discontinue even though the defendant cannot have affirmative relief under the pleadings and though his only prejudice is the vexation and expense of a possible second suit upon the same cause of action."

If the court may be permitted to consider this 'rule as effective to accomplish its avowed purpose, it will be exercised in behalf of the defendant, for the reason that the balance of justice seems so to incline; it is manifestly unfair for the plaintiffs, who have brought the suit, now to defer its progress until the defendant's endeavors shall have reached financial proportions which would render litigation more tempting. The defendant is entitled to establish non-infringement if it can, at the time and place of contest chosen by the plaintiffs.

Motion denied.

Settle order.